IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.

AMERICAN EAGLE ENTERTAINMENT LLC, a Colorado limited liability company,

       Plaintiff,

v.

Athena Enterprises, LLC t/a My Place and
Carmella Russo

       Defendants.

## COMPLAINT

American Eagle Entertainment LLC ("American Eagle"), by the undersigned counsel, states its complaint against the defendants, Athena Enterprises, LLC t/a My Place and Carmella Russo, as follows:

### Introduction

This is an action for copyright infringement, common law misappropriation, civil theft, and breach of contract.  This action arises out of the unlawful copying and use by Defendants of American Eagle's copyrighted and licensed materials in connection with a prior contract for music services provided by American Eagle.

### Parties

1.      American Eagle is an entertainment company which works with restaurants and bars in the Delta, Colorado area.  American Eagle provides Disk Jockey Services, Karaoke Services ("Music Services"), and other promotional services including assistance with internet advertising.

1

2. Athena Enterprises, LLC t/a My Place (hereafter "My Place") is a Restaurant,

Dance and Night Club located at 1410 Valley View Dr Delta, Colorado 81416, with a principal

office is located at 1112 Park Ridge Ct., Delta, Colorado 81416.

3. Carmella Russo is, upon information and belief, the owner and operator of My

Place.

**Jurisdiction**

4. This Court has jurisdiction over American Eagle's claims for copyright

infringement and unfair competition pursuant to 17 U.S.C. § 101, et seq., and 28 U.S.C. §

1338(a), 1338(b), and 28 U.S.C. 1331.  This Court has supplemental jurisdiction over American

Eagle's claims for civil theft and breach of contract pursuant to 28 U.S.C. § 1367.

**General Allegations**

5. American Eagle has been providing Music Services in the Delta, Colorado area

for approximately sixteen years.

6. American Eagle's Music Services include making popular songs available for

public performance pursuant to licensing rights American Eagle has purchased.  These services

also include making songs available for Karaoke services by which a customer can sing the song

in question accompanied solely by the background music.

7. American Eagle has historically enjoyed a competitive advantage in its market

because it had licensed such a large library of songs (hereafter "the Song Library").  The large

library of songs available to American Eagle has enabled it to offer a greater and more

comprehensive selection of music and to provide higher quality Music Services than competitors

in the area.

8.      The Song Library also included a series of cover recordings recorded in 2015 performed American Eagle's owner and operator, Brandon Moncy.  These cover recordings included the songs Long Walk Home, Last to Die, Magic, I'll Work For Your Love, Gypsy Biker, Your Own Worst Enemy, Livin' in the Future, Radio Nowhere, You'll Be Comin' Down, and Girls in their Summer Clothes.

9.      The cover recordings described above are registered with the U.S. Copyright Office, registration number SR0000878691 and are owned by American Eagle (hereafter the "American Eagle Copyrighted Works.")

10.     Though not a list *per se*, a person in possession of the American Eagle Song Library would also have access to the identity of the specific song files licensed by American Eagle and included on the laptop, taken together as a list, constituted valuable business information, as they would educate a competitor on which songs to license if the competitor sought to offer Music Services comparable to those offered by American Eagle (hereafter "the American Eagle Song List").

11.     The American Eagle Song List is novel in the area in which it operates and has historically not been duplicated by competitors in the area.  It is also available to the consuming public in the form of a laminated, 300 page binder which lists all of the songs in the American Eagle Song List as a necessary feature of the Music Services.  Customers will review the American Eagle Song List in the binder in order to determine which songs they would like to request.  The American Eagle Song List is only available to customers during shows and is not made available to the public in any other context.

12.     On or about May 1, 2018, American Eagle entered into an agreement with My Place whereby American Eagle would provide Music Services to My Place.

13.     American Eagle would use its own equipment to provide the Music Services to My Place.  This equipment included but was not limited to sound equipment and a laptop to play the music.  The laptop also contained American Eagle's Song Library, as well as the software necessary to play the songs from the Song Library in conjunction with the Music Services.

14.     The Music Services provided to My Place also included the ability to play music videos for DJing which My Place had purchased (hereinafter "the My Place Videos").

15.     American Eagle would provide the Music Services three nights a row per week. Rather than remove its equipment and set it back up again each night American Eagle had an agreement with My Place by which My Place would allow American Eagle to leave the equipment on My Place's premises in between nights on which American Eagle provided the Music Services.

16.     In return, American Eagle allowed My Place to use American Eagle's laptop to play songs from the Music Library.

17.     American Eagle also authorized My Place to connect an external hard drive to American Eagle's laptop and to access a specific folder on the laptop in order to copy the My Place Videos to the external hard drive.

18.     American Eagle never authorized My Place to copy the Song Library or any software associated with playing the songs in the Song Library.

19.     American Eagle's contact with My Place was its owner and operator, Carmella Russo ("Russo").

20.     In November of 2019, American Eagle's relationship with My Place began to deteriorate and American Eagle planned to terminate the relationship.

21.     Prior to the termination of American Eagle's agreement with My Place, Russo decided to copy American Eagle's services and copy the Song Library and associated software.

22.     Russo had asked for access to American Eagle's hard drive in order to copy the My Place Videos which My Place had a right to copy.  In making this request, Russo concealed her intent to copy the entire song library and associated software for My Place's own use.

23.     Russo and My Place intentionally and with intent to deceive did not advise American Eagle of these plans, knowing that if American Eagle knew My Place intended to copy the Song Library and associated software, American Eagle would not have simply provided copies of the My Place Videos without allowing My Place to make the copies.

24.     Due to My Place's nondisclosure of its plans and in reasonable reliance on My Place's purported continued good faith, American Eagle allowed My Place to have physical access to American Eagle's laptop for the purposes of playing songs from the Song Library and downloading the Videos.

25.     On or about November of 2019, My Place, with Russo's direction and knowledge, gained access to American Eagle's laptop through fraud and deception as described herein, and copied the American Eagle Copyrighted Works, the American Eagle Song List, the Song Library, and associated software to another external hard drive.

26.     Russo, as owner and operator of My Place, induced and encouraged the unauthorized copying of the American Eagle Copyrighted Works as described herein, and as owner and operator of My Place, enjoyed a direct financial benefit from the copying and had a right to supervise or otherwise prevent the copying.

27.     Russo and American Eagle's conduct as described herein was willful, intentional, done in bad faith and with intent to deceive.

28.     In copying the materials described above, My Place also gained knowledge of each of the specific songs that comprised the Song Library.

29.     My Place subsequently terminated American Eagle's services.

30.     Within one day of terminating American Eagle, My Place began to play music and provide karaoke services using American Eagle's Song Library in conducting its business. Also without authorization, My Place also logged in to American Eagle's software account for the software used to provide the Music Services in order to play the music from the Song Library.

31.     Since terminating American Eagle, My Place has been offering services similar to the Music Services using the materials wrongfully taken and copied as described herein and obtained as a result of gaining unauthorized physical access to American Eagle's laptop by deception and false pretenses.

**First Claim for Relief – Copyright Infringement 17 U.S.C. 101, et. seq.**
**Against My Place and Russo**

32.     American Eagle hereby expressly realleges and incorporates the above paragraphs as if stated herein.

33.     The American Eagle Copyrighted Works were automatically subject to copyright protection under 17 U.S.C. § 102(a) when they were fixed in a tangible medium of expression.

34.     A certificate of Copyright Registration constitutes prima facie evidence of the validity of the copyrights and of the facts stated in the certificates, under 17 U.S.C. § 410(c). American Eagle's registered copyright is entitled to a statutory presumption of validity.

35.     My Place and Russo had direct access to the American Eagle Copyrighted Works as described herein.

36.     My Place and Russo have infringed American Eagle's Copyrighted Work, without license or permission, to American Eagle's detriment in violation of 17 U.S.C. §§ 106 and 501 as described herein.

37.     Russo is liable for contributory and vicarious copyright infringement as described herein.

38.     My Place and Russo have willfully copied, reproduced, displayed and/or distributed unauthorized and therefore infringing copies of the American Eagle Copyrighted Works as described herein.

39.     As a direct and proximate result of My Place and Russo's wrongful acts, American Eagle has suffered irreparable injury and monetary damages in an amount to be determined at trial.

40.     American Eagle has no adequate remedy at law to redress all of the injuries My Place have caused and is continuing to cause by their conduct.  American Eagle will continue to suffer irreparable injury and monetary damage until My Place and Russo's wrongful actions are enjoined by this Court.

41.     As a result of My Place and Russo's wrongful conduct, American Eagle is entitled to injunctive relief, as well as actual damages pursuant to 17 U.S.C. §§ 502, 504, and 505 in an amount to be demonstrated at trial, plus an award of reasonable attorney's fees and costs as this Court may award pursuant to 17 U.S.C. § 505.

**Second Claim for Relief – Common Law Misappropriation of Business Value / Unfair Competition Against My Place and Russo**

42.     American Eagle expressly realleges and incorporates the above paragraphs as if stated herein.

43.     The contents of the Hard Drive, including but not limited to the information contained in the Song List, as well as access to the software necessary to play the songs, constituted a substantial expenditure of labor, skill, and money by American Eagle as alleged herein.

44.     In acquiring access to contents of the Hard Drive and using them as alleged herein, My Place and Russo have appropriated and wrongfully profited from American Eagle's expenditure of labor, skill, and money, and have used and are using the same to offer services competing with those offered by American Eagle.

45.     As a result of the misappropriation and unfair competition by My Place and Russo as alleged herein, American Eagle has been damaged in an amount to be demonstrated at trial.

46.     The misappropriation and unfair competition by My Place and Russo is also causing American Eagle irreparable harm for which damages cannot adequately compensate it, entitling American Eagle to injunctive relief.

### Third Claim for Relief – Civil Theft Against My Place and Russo

47.     American Eagle expressly realleges and incorporates the above paragraphs as if stated herein.

48.     As described herein, My Place and Russo knowingly through deception and without authorization obtained control over the Hard Drive with specific intent to deprive American Eagle of the benefit of the contents of the Hard Drive.

49.     My Place and Russo are liable to American Eagle for Civil Theft pursuant to C.R.S. § 18-4-405, including treble damages, in an amount to be determined at trial, including costs and reasonable attorney's fees.

### Fourth Claim for Relief- Breach of Contract Against My Place

8

50.     American Eagle hereby expressly realleges and incorporates the above paragraphs as if stated herein.

51.     American Eagle and My Place had a binding contract for the provision of the Music Services.

52.     My Place breached the contract by gaining unauthorized access to American Eagle's Hard Drive and copying its materials as described herein.

53.     In the alternative, My Place breached the implied covenant of good faith and fair dealing by gaining unauthorized access to American Eagle's Hard Drive and copying its materials as described herein.

54.     As a result of My Place's breach of contract, American Eagle has been damaged in an amount to be demonstrated at trial.

**Fifth Claim for Relief- Tortious Interference with Economic Expectancy Against My Place and Russo**

55.     American Eagle hereby expressly realleges and incorporates the above paragraphs as if stated herein.

56.     American Eagle had an economic expectancy based on actual and prospective contractual relationships for providing Music Services in the Delta, Colorado area based in part on the value associated with the Song Library as described herein.

57.     Defendants intentionally interfered with this economic expectancy through wrongful means as described herein.

58.     As a result of Defendants' tortious interference with economic expectancy as described herein, American Eagle has been damaged in an amount to be demonstrated at trial.

9

**Prayer for Relief**

WHEREFORE: American Eagle respectfully prays for the following relief from this Court:

A. Enter a judgment in favor of American Eagle and against Defendants on the First, Second and Third Claims for Relief, and against My Place on the Fourth claim for Relief;

B. Enter an award of monetary damages in an amount to be determined at trial, including but not limited to an award of damages and treble damages pursuant to C.R.S. § 18-4-405, attorney's fees, and prejudgment and post-judgment interest to the extent allowable under applicable law;

C. Enjoin Defendants from any further use of the materials obtained from American Eagle's hard drive, with the exception of the My Place Videos;

D. Award such other and further relief this Court deems to be just and proper.

Respectfully submitted September 9, 2020.

THOMAS P. HOWARD, LLC

*/s/ William C. Groh*_____
William C. Groh, No. 43577
842 W. South Boulder Rd., Ste. 100
Louisville, CO  80027
303-665-9845
wcgroh@thowardlaw.com
*Attorney for Plaintiff American Eagle*
*Entertainment, LLC*